UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION


IN RE:                                      CASE NO.

THOMAS HAIR and                             05-04329-8-ATS
MELBA B. HAIR,

        DEBTORS


ORDER DENYING MOTION FOR RELIEF FROM AUTOMATIC STAY

The matter before the court is the motion for relief from the automatic stay filed by Mid-State Homes, Inc. A hearing took place in Raleigh, North Carolina on August 2, 2004. For the reasons that follow, the motion will be denied.

Thomas and Melba Hair filed a petition for relief under chapter 13 of the Bankruptcy Code on June 1, 2005, the same day that the Hairs filed a voluntary dismissal of their prior chapter 13 case, which they filed on June 2, 2004. The dismissal and refiling may have been the result of a domestic dispute, but the reasons for their actions are unclear.

Mid-State Homes is a secured creditor, and its claim is secured by the debtors' residence. In the first chapter 13 case, Mid-State filed a motion for relief from the automatic stay that was resolved by a consent order. In its present motion for relief from the automatic stay, Mid-State argues that the Hairs' second filing is improper under § 109(g)(2) because the debtors voluntarily dismissed their case after Mid-State filed a motion for relief from stay under § 362. Section 109(g)(2) of the Bankruptcy Code provides that a person cannot be a debtor under Title 11 if the person also has been a debtor in another case under Title 11 within the preceding 180 days, and the debtor requested and obtained a voluntary dismissal of that case following a request for relief from the stay.

Furthermore, Mid-State maintains that the consent order provided that:

[i]n the event Mid-State receives relief from stay pursuant to the terms of this Consent Order or this case is dismissed, then the debtors are hereby barred and enjoined from filing another bankruptcy petition for 180 days from

the date that Mid-State obtains such relief from stay or the case is dismissed, whichever is later.

Consent Order Resolving Mid-State's Motion for Relief From Automatic Stay p. 2 ¶ 2 (Jan. 27, 2005).

It is not clear whether or not § 109(g) applies in circumstances where the debtor resolves the motion for relief from stay by consent order, but the court does not need to consider that issue because it is not directly before the court. Neither the trustee nor any creditor has moved for dismissal of this case based on § 109(g).

The debtors appear to be current with their obligations under the consent order, or more accurately would be current if the creditor had not refused to accept payments tendered by the debtor. Consequently, the motion for relief from stay is **DENIED**, and the debtors shall have 15 days from the date of entry of this order in which to tender sufficient payment to Mid-State to bring all payments current under the court order.

**SO ORDERED.**

**DATED: August 12, 2005**

A. Thomas Small
United States Bankruptcy Judge

2